## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-cv-21414-BLOOM/Elfenbein

RBG PLASTIC d/b/a
RESTAURANTWARE, a
foreign limited liability company,

      Plaintiff,

v.

DISABILILTY:IN, a foreign
Not-for profit company, F/K/A/
US BUSINESS LEADERSHIP
NETWORK,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Disability:In's Motion to Dismiss Plaintiff RGB Plastic's ("RBG") Amended Complaint, ECF No. [29]. Plaintiff filed a Response in Opposition ("Response"), ECF No. [33], to which Defendant filed a Reply, ECF No. [38]. The Court has reviewed the Motion, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted, and the Complaint is dismissed without prejudice.

## I.   BACKGROUND

This matter arises from Defendant's rejection of Plaintiff's application to be certified by Defendant as a disability-owned business enterprise ("DOBE"). *See* ECF No. [18]. As a result of the rejection for certification, Plaintiff filed its Complaint seeking (1) a declaratory judgment that at the time of its application, Plaintiff's corporate composition "met the federal requirement (which [Defendant] incorporate[d] into its own certification requirements) to be certified as a DOBE" and

(2) a claim of negligence for Defendant's failure to abide by federal certification standards when considering Plaintiff's application. ECF No. [1] at 1. Defendant filed its first motion to dismiss the Complaint and Plaintiff thereafter filed the operative Amended Complaint alleging the following:

Defendant is a private non-profit entity which has a "'Supplier Diversity program [that] certifies disability-owned enterprises (DOBEs)' and 'then connects certified businesses to corporations seeking to diversify their supply chains.'" ECF No. [18] at ¶¶ 13, 19. Defendant is the "leading third party certifier of disability-owned business enterprises." *Id.* at ¶ 20. According to Plaintiff, obtaining a DOBE certification is financially significant because "many affluent companies have supplier diversity programs in which they heavily rely on third-party certification companies like [Defendant] in determining whether to grant a purported disability-owned business access to their respective supplier diversity program or preference in the companies' pick of suppliers." *Id.* at ¶ 24.

To assist in determining whether to issue a DOBE certification to a particular entity, Defendant has created internal "Standards and Procedures ("S&Ps")" which "are patterned off the federal requirements of 49 Code of Federal Regulations (CFR) Part 23 and Part 26 to be certified as a Disadvantaged Business Enterprise ("DBE")." *Id.* at ¶ 25. "To be an eligible DBE, a firm must be at least 51 percent owned by socially and economically disadvantaged individuals…. In the case of a limited liability company, at least 51 percent of each class of member interest must be owned by socially and economically disadvantaged individuals." *Id.* at ¶ 28 (quoting 49 C.F.R. § 26.69(b)(3) and citing 49 C.F.R. § 23.3.). Similarly, under Defendant's DOBE certification program, to be an eligible DOBE, an LLC must demonstrate "that the member with disabilities, among other requirements, 'owns at least fifty one percent (51%) of membership interests.'" ECF No. [1] at ¶ 35. Prior to 2022, Plaintiff "RBG's ownership structure was as follows:

>Genman—46%

>Richard Rinella—46%

>Sanja—5%

>MDM—3%"

*Id.* at ¶ 38. Under this ownership structure, members with disabilities did not own a majority interest in RBG. On January 19, 2022, however, the members of RBG entered into a "Confidential Settlement Agreement" wherein the members would buy out Richard Rinella's interest but "Rinella would remain a member of RBG *'until the arbitration [was] complete and First Payment [was] made.'" Id.* at ¶ 39. (alterations and emphasis in the original). On May 16, 2023, "Mr. Rinella was divested of his ownership" and "Mr. [Jamil] Bouchareb, [as the sole owner of Genman], became the [indirect] majority stake owner of RBG." ECF No. [1] at ¶¶ 8, 44. Since Mr. Bouchareb is disabled, and his company, Genman, now owned a majority share of RBG, Plaintiff believed it had satisfied all of Defendant's requirements to become a certified DOBE. Accordingly, Plaintiff submitted a DOBE application to Defendant "around June 2023." *Id.* at ¶ 44.

To ensure Plaintiff could "quickly capture the benefits of DOBE certification," Plaintiff paid Defendant "a $2,300 expedited application." *Id.* at ¶ 45. After a lengthy four-month investigation process, Defendant determined "that 'the ownership threshold [required to be a certified DOBE] was not met'" because Plaintiff "supposedly failed to prove that Mr. Bouchareb [through Genman] was the majority owner of RBG." *Id.* at ¶ 52. In the denial letter, Defendant informed Plaintiff of its right to appeal and that a denial on appeal would preclude Plaintiff "from reapplying for DOBE certification with [Defendant] for one year from the date of the letter—*i.e.*, no earlier than October 17, 2024." *Id.* at ¶ 52. Plaintiff, nevertheless, appealed the decision on November 16, 2023, and provided supplemental evidence that Mr. Bouchareb was indeed the

indirect majority owner of RGB. "On December 15, 2023, [Defendant] upheld its denial of [Plaintiff's] application [and] [a]s a result, [Plaintiff] could not become a certified DOBE or otherwise reap the benefits of participating in the Supplier Diversity Program." *Id.* at ¶ 54.

Based upon Defendant's failure to issue Plaintiff a DOBE certification, Plaintiff asserts two counts in its Amended Complaint: (1) a declaratory action and (2) a negligence claim. *See generally* ECF No. [18]. In Count One, Plaintiff seeks a declaration that "(a) Mr. Bouchareb had an indirect majority stake in [Plaintiff] at the time the company submitted its application to [Defendant]; (b) That [Plaintiff's] corporate composition at the time of its application met the federal requirements to be certified as a DOBE pursuant to 49 CFR Parts 23 and 26; (c) that [Defendant] misapplied its own certification standards in denying [Plaintiff's] application; and (d) such other and further relief pursuant to 28 U.S.C § 2202." *Id.* at ¶ 75. In the negligence claim in Count Two, Plaintiff contends that "[a]s the recipient of federal grant monies relating to the implementation of DOBE's and as the leading certification company of DOBEs, [Defendant] has a duty to faithfully implement the certification standards of 49 CFR Parts 23 and 26 in determining whether a particular company is eligible for DOBE certification." *Id.* at ¶ 77. Accordingly, since "[Plaintiff's] corporate structure satisfied each requirement needed to attain DOBE certification…[Defendant] breached its duty by making a faulty determination that [Plaintiff] did not meet the ownership threshold to be certified as a DOBE." *Id.* at ¶¶ 79-80.

Defendant now files the instant Motion seeking to dismiss the Amended Complaint. ECF No. [29]. Defendant contends that the declaratory action should be dismissed because Plaintiff fails to assert a "genuine dispute over the existence or non-existence of some rights or status." *See id.* at 8 (quoting *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh Pa.*, No. 11-cv-21163, 2012 WL 1416428, at *2 (S.D. Fla. Apr. 24, 2012)). Without a legally cognizable

right arising under statute or contract, Defendant argues there is no basis for a declaratory action. *See id.* at 9-10. Moreover, Defendant asserts Plaintiff is seeking to litigate past events, and thus, there is no future case or controversy that would be appropriate for resolution through a declaratory action. *See id.* at 10-12. And even if there is an actual controversy, Plaintiff's declaratory action is duplicative of its negligence claim in Count Two. *See id.* at 12-13.

Defendant contends the negligence claim should also be dismissed because Plaintiff fails to allege Defendant owes a legally cognizable duty to Plaintiff. *See id.* at 14-16. Not only is there no duty, but Defendant argues Plaintiff fails to adequately allege a breach of any supposed duty as Plaintiff does not assert Defendant failed to comply with its own internal policies and procedures regarding certification. *See* ECF No. [29] at 16-17. Furthermore, Defendant argues that Plaintiff fails to establish causation because Plaintiff does not allege damages beyond a speculative level. *See id.* at 18-19.

Plaintiff responds that its declaratory action and negligence claims are both viable. Plaintiff first asserts that it has standing to bring a declaratory action as it will inevitably continue to suffer injury now and into the future if Defendant continues to "misapply its own S&Ps to the ownership determination of RBG" and thus preclude Plaintiff from obtaining a DOBE. ECF No. [33] at 8. Moreover, Plaintiff argues that the "Amended Complaint demonstrates a need to clarify the legal relations among the parties" and as such, a declaratory action is appropriate. *Id.* at 9.

Regarding the negligence claim, Plaintiff argues Defendant owes a legal duty to it by virtue of: (1) Defendant's acceptance of federal grant money for its certification program, (2) acceptance of Plaintiff's expedited application fee, and (3) and Defendant's incorporation of 49 C.F.R. Parts 23 and 26 into its internal policies for determining whether an applicant qualifies for DOBE certification. *See id.* at 14. Thus, because Defendant incorrectly denied Plaintiff's DOBE

certification application in contravention of Defendant's internal policies and federal regulations and was unable to obtain Defendant's financially valuable certification as a result, the elements of duty, breach, causation, and damages have been satisfied.

## II.   LEGAL STANDARD

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils–Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019). However, this tenet does not apply to legal conclusions, and courts "are not bound

to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted). In considering a motion to dismiss, the court is limited to the facts contained in the complaint and attached exhibits. *See Thaeter*, 449 F.3d at 1352.

## III.   DISCUSSION

As a preliminary matter, Plaintiff's contention that the Motion should be denied because Defendant violated Local Rule 7.1(a)(3) by not participating in a meet-and-conferral conference before filing the Motion is without merit. As Defendant correctly points out, Rule 7.1(a)(3) expressly states that the parties do not need to meet and confer before filing a motion to dismiss for failure to state a claim upon which relief can be granted. *See* S.D. Fla. L.R. 7.1(a)(3); *Sequeira v. Geico General Insurance Co.*, Civil Action No. 16-24542, 2017 WL 6557427, at *4 (S.D. Fla. Apr. 7, 2017). As Defendant's Motion is a Rule 12(b)(6) motion to dismiss for failure to state a claim, a meeting and conferral was not required. While Defendant partly argues there is no case or controversy, and the Court lacks jurisdiction, that limited discussion does not alter that the Motion seeks to dismiss the Complaint for failure to state a claim upon which relief may be granted. *See* ECF No. [38] at 3 ("Standing is subsumed within and helps support the argument that Plaintiff cannot state a valid cause of action under the DJA.").[1] As such, the Court declines Plaintiff's

---

[1] The Declaratory Judgment Act provides its own "actual controversy requirement." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). Therefore, an argument that Plaintiff failed to allege an actual controversy may constitute both a jurisdictional argument and an argument that the plaintiff has failed to state a claim upon which relief may be granted in the context of a declaratory action.

invitation to deny the Motion based on a procedural defect. In any event, even if the parties were required to meet and confer regarding the potential standing issue, "[t]he Court will not rely upon the pre-filing conference requirement of Rule 7.1(a)(3) to retain jurisdiction where it should not." *Nanotech Entertainment, Inc. v. R&T Sports Marketing, Inc.*, Case No. 14-61608-CIV, 2014 WL 12611203, at *3 (S.D. Fla. Sept. 24, 2014). Consequently, as Defendant raises jurisdictional arguments, the Court finds it appropriate to consider those arguments as well. *See id.* ("[T]he impact of a party's failure to comply with Rule 7.1(a)(3) is ultimately left with the discretion of the Court.") (citing S.D. Fla. L.R. 7.1(a)(3); *Lawrence v. VB Project, LLC*, No. 14-60289, 2014 WL 4545930, at *2 (S.D. Fla. Sept. 12, 2014)).

### A.  Defendant's Motion to Dismiss

#### a.  Declaratory Action

Defendant argues Plaintiff's declaratory action should be dismissed principally because Plaintiff fails to state that its legal status or a contract is in dispute, and it does not allege a cognizable right Defendant violated which warrants declaratory relief. *See* ECF No. [29] at 8. Defendant points out it is a private organization administering a volunteer certification program "based upon an application process subject to [Defendant's] own [Standards and Procedures]." *Id.* at 9. Defendant maintains that Plaintiff's application for DOBE certification did not create a contract between the parties, and there are no statutes or regulations that govern Defendant's administration of the certification program. *See id.* at 10. As such, Defendant contends the Court has no role to play here since there are no legal rights at issue in this case. *Id.*

Furthermore, Defendant asserts Plaintiff cannot establish a present case or controversy because Plaintiff is seeking to litigate past factual issues, specifically, Defendant's denial of Plaintiff's DOBE application. *See id.* at 11-12. According to Defendant, declaratory actions are

only appropriate where a party is seeking vindication regarding a present or imminent legal harm, and therefore, no case or controversy exists that requires declaratory relief. *See id.*

Moreover, even if Plaintiff has plausibly alleged a basis for a declaratory action, Defendant maintains the action should still be dismissed as it is duplicative of Plaintiff's negligence claim. *See* ECF No. [29] at 13. Defendant claims the same facts are in dispute in Plaintiff's declaratory action and its negligence action—whether Defendant erroneously denied Plaintiff's application despite Plaintiff satisfying all of Defendant's requirements for DOBE certification. *See id.* Therefore, because Plaintiff has a remedy at law for its alleged injury, declaratory relief is inappropriate.

Plaintiff responds that a declaratory action is appropriate because the Complaint "demonstrates a need to clarify the legal relations among the parties as to whether [Plaintiff's] ownership structure at the time i[t] submitted the DOBE application satisfied Defendant's ownership criterion set forth in the S&Ps (which incorporates the U.S. DOT's certification standards)." ECF No. [33] at 9. According to Plaintiff, the Complaint plausibly alleges that Defendant owed a legal duty to Plaintiff by virtue of Defendant "accepting federal grant monies relating to the implementation of the DOBE program, receiving [Plaintiff's] $2,300 expedited application fee, and processing [Plaintiff's] application in accordance with federal certification requirements." *Id.* Therefore, because a legal duty exists and Defendant created an actual controversy related to that duty by denying Plaintiff's DOBE application, Plaintiff contends it is now entitled to clarify the legal relationship between the parties by way of a declaratory action. Plaintiff also disputes that there are no rights or privileges for the Court to vindicate because no statute or regulation governs the DOBE program and because there is no contract between the parties. Plaintiff maintains that 49 C.F.R. Parts 23 and 26 govern the administration of Defendant's

DOBE program since Defendant adopted the regulations in its internal policies. *See id.* at 10. By failing to comply with those regulations, Plaintiff claims its rights have been violated, and therefore, it may seek vindication of those rights through a declaratory action.

Plaintiff contends it has standing to bring its declaratory action as it is suffering and will continue to suffer harm as a result of Defendant's decision to deny its DOBE application. *See id.* at 7-8. Not only is Plaintiff presently precluded from obtaining the financial benefits associated with DOBE certification, given Defendant's current position that Mr. Bouchareb's LLC will not become the majority owner of RBG until the final payment is made to Mr. Rinella under the settlement agreement, Defendant will almost certainly deprive Plaintiff of DOBE certification until 2028. *See id.* Due to the likely future harm, Plaintiff asserts it has standing because it has adequately alleged an actual controversy that poses a real and immediate threat of concrete financial harm. Moreover, Plaintiff disputes that its declaratory action is duplicative of its negligence action and argues that case law allows a party to bring a declaratory action even where there is an adequate alternative remedy at law. *See id.* at 12. Moreover, Defendant cannot rely on Rule 12(b)(6) to strike a duplicative claim but must instead file a motion pursuant to Rule 12(f). *See* ECF No. [33] at 12. While the claims involve the same general underlying facts, Plaintiff's negligence claim seeks retroactive relief for the harm suffered before filing the Complaint, whereas the declaratory action seeks prospective relief to ensure Plaintiff does not continue to be harmed by Defendant's erroneous application decision. *See id.* at 12-13.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a court "may declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). "In all cases arising under the Declaratory Judgment Act. . .the threshold question is whether a justiciable controversy exists" "between parties having adverse legal interests, of sufficient immediacy and reality to

warrant the issuance of a declaratory judgment." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted); *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "[A] federal court has wide latitude and discretionary power in determining whether or not to declare the rights of the litigants." *Killian Palms Country Club & Sports Complex, Ltd. Liab. Corp. v. Scottsdale Ins. Co.*, No. 11-CIV-21978, 2011 WL 13223719, at *2 (S.D. Fla. Aug. 16, 2011) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 227, 286 (1995)).

"The test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *Schwab v. Hites*, 896 F. Supp. 2d 1124, 1132 (M.D. Fla. 2012) (internal citations and quotations omitted); *see also Norring v. Priv. Escapes, LLC*, No. 609-CV-2081ORL-19GJK, 2010 WL 963293, at *7 (M.D. Fla. Mar. 12, 2010) ("A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. It is a motion only to determine whether the plaintiff is entitled to a declaration of rights[.]"). To be entitled to a declaration of rights, a legal right must be infringed, or the risk of infringement must be substantially imminent. *See Point Conversions, LLC v. Lopane*, Case No: 20-CV-61549, 2021 WL 328533, at *17 (S.D. Fla. Jan. 8, 2021) ("Injunctive and declaratory relief are only available when a legal right has been infringed for which no adequate legal remedy exists"); *cf. Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("to establish an injury in fact [for the purposes of a declaratory judgment or otherwise], a plaintiff must show that he or she suffered 'an invasion of a legally protected interest.'"). "Claims based merely upon assumed potential invasion of rights" or a dispute over factual rather than legal issues will not warrant judicial intervention. *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 324, 325 (1936); *see Int'l Health Brands, LLC v. Foy*, No. 24-CV-80679, 2024 WL

4438199, at *1 (S.D. Fla. Oct. 8, 2024) ("[C]ourts in this district have dismissed declaratory judgment claims when the purpose of the claim is for the Court to make factual determinations and not to clarify legal relations.").

Here, Plaintiff fails to plausibly allege a violation of a cognizable legal right now or in the future as Plaintiff does not have any rights under 49 C.F.R. Parts 23 and 26.[2] In the Amended Complaint, Plaintiff asserts an alleged violation of federal regulations as opposed to a federal statute to demonstrate that it has a legal right that has been violated. However, "regulations promulgated to interpret and enforce a statutory provision cannot themselves create a private right or remedy." *Wentz v. Kindred Hospital East, L.L.C.*, 333 F. Supp. 2d 1298, 1301 (S.D. Fla. 2004); *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) (explaining regulations "may not create a right that Congress has not."); *Smith v. Dearborn Financial Servs., Inc.*, 982 F.2d 976, 979 (6th Cir. 1993) ("federal regulations cannot themselves create a cause of action; that is a function of the legislature."); *see also First Transit, Inc. v. Pinellas Suncoast Transit Authority*, Case No..: 8:17-CV-814, 2017 WL 5632871, at *6 (M.D. Fla. Oct. 30, 2017) (rejecting plaintiff's reliance on a violation 49 C.F.R. Part 26 to establish a violation of a private right because "it is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress.") (quoting *Alexander*, 532 U.S. at 291). Therefore, without an allegation that a statutory right has been violated, Plaintiff fails to establish that it is entitled to a declaration of rights. Consequently, Plaintiff's declaratory action must be dismissed.

Moreover, for a statute and its accompanying regulations to provide a plaintiff with a private right, Congress must have intended the provision in question to benefit the plaintiff. *See Blessing v. Freestone*, 520 U.S. 329, 341 (1997) ("We have traditionally looked at three factors

---

[2] Plaintiff does not argue that there is any other legal basis to assert it possesses a legal right.

when determining whether a particular statutory provision [and accompanying regulations] give[] rise to a federal right. First, Congress must have intended that the provision in question benefit the plaintiff.") (citing *Wright v. Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 430 (1987)). Here, the language fails to state that the Department of Transportation DBE regulations were intended to benefit Plaintiff.[3] The purpose of the DBE program is to ensure nondiscrimination in the award and administration of DOT-assisted contracts. *See Rauback v. City of Savannah*, Case No. CV418-167, 2021 WL 1206611, at *83 (S.D. Ga. Mar. 30, 2021) ("The purpose of the DBE program is, in part, 'to ensure nondiscrimination in the award and administration of DOT-assisted contracts in the Department's highway, transit, and airport financial assistance programs. . . .'") (quoting 49 C.F.R. § 26.1; citing 49 C.F.R. § 23.1); *Bruckner v. Biden*, 666 F. Supp. 3d 1237, 1242 (M.D. Fla. 2023) ("In sum, the DBE Program purports to remedy past intentional discrimination based on race and gender in the transportation industry.") (citing *W. States Paving Co. v. Wash. State Dep't of Transp.*, 407 F.3d 983, 991–93 (9th Cir. 2005) (holding that the DBE program serves the compelling interest of correcting and preventing discrimination in the "transportation contracting industry").[4] Plaintiff is not seeking to be certified as a DBE for the purpose of obtaining DOT-assisted contracts nor does Defendant provide DBE certifications. Defendant merely

---

[3] The Court notes that other courts have found that the regulations at issue "strongly suggest that no private cause of action exists for violations of [49 C.F.R.] Part 26." *C.S. McCrossman., Const., Inc. v. Minnesota Dept. of Transp.*, 946 F. Supp. 2d 851, 861 n. 14 (D. Minn. 2013).

[4] *See also Best Wood Judge Firewood & Tree Serv. v. U.S. D.O.T.*, 784 F. Supp. 2d 1059, 1070–71 (E.D. Wis. 2011) ("DBE status is governed by regulations in 49 C.F.R. pt. 26. Through part 26 the USDOT seeks to, among other things, 'ensure nondiscrimination in the award and administration of DOT-assisted contracts,' 'create a level playing field on which DBEs can compete fairly for DOT-assisted contracts,' 'help remove barriers to the participation of DBEs in DOT-assisted contracts,' and 'assist the development of firms that can compete successfully in the marketplace outside the DBE program.'") (quoting 49 C.F.R. § 26.1.).

provides private certification to entities who wish to be certified as disability-owned business enterprises irrespective of whether the applicant is seeking to obtain DOT-assisted contracts. Therefore, even assuming the statute and accompanying regulations in question create a federal right, Plaintiff would not be able to enforce that federal right because the regulations fail to state that Congress intended to confer a benefit on Plaintiff when it enacted the DBE program.

Furthermore, that Defendant purportedly incorporated the DOT's DBE regulations into its internal policies does not create a private federal right for Plaintiff either. As the Supreme Court has explained, any federal right must be created by Congress. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001); *see Singleton v. Allen*, Case No. 2:21-cv-01291, Case No. 2:21-cv-01530, 2024 WL 3384840, at *11 (N.D. Ala. July 11, 2024) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). Therefore, a private entity cannot create a federal right simply by adopting governmental regulation. *Cf. Singleton*, 2024 WL 3384840, at *11 ("A statute does not confer a private right when it contains no rights-creating language or focuses on persons or entities other than the benefited class.") (citing *Sandoval*, 532 U.S. at 288–89). Consequently, Plaintiff has failed to plausibly allege that it has a legally protected interest under the statute and accompanying regulations that has been or is at imminent risk of being violated by Defendant. Accordingly, the Court must dismiss Plaintiff's declaratory action. *See Ductan v. Geico General Insurance Co.*, 722 F. Supp. 3d 1293, 1296 (S.D. Fla. 2024) (granting motion to dismiss declaratory action because there was no private cause of action under the statute).

### b.   Negligence Claim

Defendant contends Plaintiff's negligence claim must be dismissed as Plaintiff has failed to adequately allege any of the four elements of a common law negligence claim—duty, breach, causation, and damages. *See* ECF No. [29] at 14.

Regarding a legal duty, Defendant points out that under Florida law, "a legal duty arises from four general sources: (1) legislative enactments or administrative regulations; (2) judicial interpretation of such enactments; (3) other judicial precedent; and (4) a duty arising from general facts of the case." *Id.* (citing *Elephant Walk, Inc. v. Chembio Diagnostics, Inc.*, No. 1:13-cv-195-RS, 2014 WL 241769, at *1 (N.D. Fla. Jan. 22, 2014)). While Plaintiff attempts to rely on the first source—administrative regulations—to argue Defendant owed a duty, Defendant contends the argument is baseless. Defendant asserts that although it has incorporated 49 C.F.R. Parts 23 and 26 into its S&Ps, "nothing in 49 C.F.R. Part 23 and 26 implies, much less imposes [ ] a [legal] duty on [Defendant]." *Id.* at 15. According to Defendant, those regulations "relate to a separate, standalone federal program within the U.S. Department of Transportation for what it calls 'disability business enterprises.'" *Id.* Therefore, the regulations Plaintiff has identified are not binding and do not trigger a legal duty on Defendant. Defendant argues Florida case law is also clear that a private organization's internal policies do not create a legal duty sufficient to sustain a negligence cause of action. *See* ECF No. 29 at 15-16. Accordingly, the adoption of those federal regulations cannot form a legal duty.

Even assuming a legal duty exists, Defendant contends Plaintiff fails to adequately allege a breach of Defendant's duty. *Id.* at 16. Not only are Plaintiff's allegations conclusory "unadorned, 'the-defendant-unlawfully harmed me' accusations," but Plaintiff never alleges that Defendant failed to follow its S&Ps. *Id.* at 18. Instead, "Plaintiff merely asserts that in following its S&Ps,

the Defendant arrived at a disagreeable conclusion." *Id.* at 16. Defendant argues that the allegations show Defendant "conducted an initial review of Plaintiff's application and sought documents evidencing Mr. Rinella's divesture from RBG, and then "conducted an on-site interview." *Id.* Defendant proceeded to question "the Plaintiff on several aspects of the Settlement Agreement on two separate occasions." *Id.* at 17. Defendant then ultimately denied Plaintiff's application but only after complying with the appropriate procedures outlined in its S&Ps. Therefore, because there is no allegation of non-compliance, there is not a sufficient allegation of a breach.[5]

Defendant further contends Plaintiff has failed to plausibly allege causation and damages and denial of Plaintiff's DOBE application could not constitute a proximate cause of Plaintiff's injuries because Defendant's website "informs all applicants that 'Certification is not a guarantee of business contracts.' Certification provides access to corporate decisions makers and contract bidding opportunities only." ECF No. [29] at 18, 20 (quoting from Defendant's website: https://disabilityin.org/what-we-do/supplier-diversity/get-certified (last visited July 15, 2024)). Because DOBE certification does not guarantee business opportunities, the denial of Plaintiff's application cannot be the cause. *Id.* Defendant also argues that any damages sustained are far too speculative to be recoverable. "A hypothetical loss of revenue in the future, from a procurement program or contract opportunity that Plaintiff fails to identify is the only 'injury' implicated by the Amended Complaint's allegations." *Id.* Given the highly speculative nature of the injuries, "the Amended Complaint lacks any factual basis connecting the denial of DOBE certification to any present, ascertainable financial loss." *Id.*

---

[5] Defendant disputes the factual underpinnings of Plaintiff's negligence claim. Defendant asserts the terms of Plaintiff's Settlement Agreement with Rinella "evidenced that he was not fully divested of control and interest in RBG as Plaintiff suggests." *Id.* However, because this argument would require the Court to look beyond the four corners of the Complaint, it is improper.

Plaintiff responds that Defendant owes a legal duty by virtue of: (1) Defendant's acceptance of federal grant money for its certification program, (2) acceptance of Plaintiff's expedited application fee, and (3) Defendant's incorporation of 49 C.F.R. Parts 23 and 26 into its internal policies for determining whether an applicant qualifies for DOBE certification. *See* ECF No. [33]. at 14. Thus, because Defendant incorrectly denied Plaintiff's DOBE certification application in contravention of Defendant's internal policies and federal regulations, Defendant breached its duty of care. *Id.* at 16-17. Plaintiff also maintains that but-for Defendant's denial of DOBE certification, it would have obtained valuable business opportunities by becoming a member of the Supplier Diversity Program. *See id* at. 18-19. Accordingly, Plaintiff asserts that all elements necessary to bring a negligence action have been satisfied.

"To state a negligence claim under Florida law, a plaintiff must plead facts to plausibly show: "(1) a legal duty owed by defendant to plaintiff, (2) breach of that duty by defendant, (3) injury to plaintiff legally caused by defendant's breach, and (4) damages as a result of that injury." *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1339 (S.D. Fla. 2018) (quoting *Estate of Rotell ex rel. Rotell v. Kuehnle*, 38 So.3d 783, 788 (Fla. 2d DCA 2010)). The first element requires plaintiff to allege a "duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks." *Knight v. Merhige*, 133 So.3d 1140, 1144 (Fla. 4th DCA 2014) (quoting *Clay Elec. Co-op., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003)). In other words, for a legal duty to exist, the defendant must stand in "relation to the plaintiff as to create [a] legally recognized obligation of conduct for the plaintiff's benefit." *Palm Beach-Broward Med. Imaging Ctr., Inc. v. Cont'l Grain Co.*, 715 So.2d 343, 344 (Fla. 4th DCA 1998) (quoting Prosser and Keaton § 42, at 274). A legal duty arises in one of the four following ways: "(1) legislative enactments or administration regulations; (2)

judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case." *Clay Elec. Co-op., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003) (quoting *McCain v. Fla. Power Corp.*, 593 So.2d 500, 503 n.2 (Fla. 1992)). "Whether a duty exists is a question of law for the court." *Biglen v. Fla. Power & Light Co.*, 910 So. 2d 405, 408 (Fla. 4th DCA 2005) (citing *Goldberg v. Fla. Power & Light Co.*, 899 So.2d 1105, 1110 (Fla. 2005)).

The Court finds that Plaintiff has failed to plausibly allege a duty owed by Defendant. Plaintiff does not claim a duty was created by contract, nor is there a common law principle that impose a duty on private certification organizations. Plaintiff attempts to argue that the federal regulations, 49 C.F.R. §§ 23, 26, incorporated by Defendant into its internal policies, impose a duty on Defendant to administer its private DOBE certification program in accordance with those federal regulations. While "the violation of a statute may be evidence of negligence, [] such evidence only becomes relevant to a breach of a standard of care after the law has imposed a duty of care." *Estate of Johnson ex rel. Johnson v. Badger Acquisition of Tampa LLC*, 983 So.2d 1175, 1182 (Fla. 2d DCA 2008). Plaintiff has not shown that the administrative regulations impose a legal duty on Defendant to comply with those regulations in carrying out its DOBE certification program or that any duty is owed to Plaintiff.

As Defendant correctly points out, the regulations in question are not binding on Defendant. 49 C.F.R. §§ 23, 26 *et seq* concern the requirements contractors must comply with to receive funding from the Department of Transportation. *See* 49 C.F.R. § 23.5[6]; 49 C.F.R. § 26.3.[7]

---

[6] 49 C.F.R. § 23.5 explains that Part 23 applies to "a recipient that has received a grant for airport development at any time after January 1988 that was authorized under Title 49 of the United States Code[.]"

[7] 49 C.F.R. § 26.3 clarifies that Part 26 applies to recipients of the following types of DOT funds:

Specifically, to receive funding from the Department of Transportation, federal aid recipients must make reasonable efforts to award at least 10% of the funds to disadvantaged business entities ("DBEs"). The regulations Plaintiff claims Defendant violated govern the requirements to be certified as an eligible DBE. *See* 49 C.F.R. § 26.69(b)(3); § 26.63(b); § 26.73; § 26.83(c); *see also* 49 C.F.R. § 23.3. However, those regulations plainly do not address Defendant's certification program as Plaintiff does not allege Defendant is a DOT contractor or otherwise receives funding from the DOT or that Defendant certifies DBEs for the DOT. *Cf. Transworld Products Co., Inc. v. Canteen Corp.*, 908 F. Supp. 1, 5 (D.D.C. Nov. 16, 1995) (dismissing claim involving a violation of federal DBE statute because Defendant's conduct was not subject to the federal requirements as it did not receive DOT funds to fulfill its obligations). Accordingly, Plaintiff fails to plausibly allege that Defendant is subject to the regulatory scheme outlined in 49 C.F.R. §§ 23, 26, or that Defendant violated any enumerated duties under those regulations.[8] *See Central Bank of Denver,*

---

"(1) Federal-aid highway funds authorized under Titles I (other than Part B) and V of the Intermodal Surface Transportation Efficiency Act of 1991 (ISTEA), Public Law 102–240, 105 Stat. 1914, or Titles I, III, and V of the Transportation Equity Act for the 21st Century (TEA–21), Public Law 105–178, 112 Stat. 107. Titles I, III, and V of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users (SAFETEA–LU), Public Law 109–59, 119 Stat. 1144; Divisions A and B of the Moving Ahead for Progress in the 21st Century Act (MAP–21), Pub.L. 112–141, 126 Stat. 405; Titles I, II, III, and VI of the Fixing America's Surface Transportation Act (FAST Act) Public Law 114–94;, and Divisions A and C of the Bipartisan Infrastructure Law (BIL), enacted as the Infrastructure Investment and Jobs Act (IIJA), Public Law 117–58" and

"(2) Federal transit funds authorized by Titles I, III, V and VI of ISTEA, Public Law 102–240 or by Federal transit laws in Title 49, U.S. Code, or Titles I, III, and V of the TEA–21, Public Law 105–178. Titles I, III, and V of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users (SAFETEA–LU), Public Law 109–59, 119 Stat. 1144; Divisions A and B of the Moving Ahead for Progress in the 21st Century Act (MAP–21), Public Law 112–141, 126 Stat. 405; Titles I, II, III, and VI of the Fixing America's Surface Transportation Act (FAST Act) Public Law 114–94; and Divisions A and C of the Bipartisan Infrastructure Law (BIL), enacted as the Infrastructure Investment and Jobs Act (IIJA) (Pub.L. 117–58), Public Law 117–58."

[8] The fact that Plaintiff alleges Defendant received federal funds is not significant to the duty analysis either. Because Plaintiff does not allege that the acceptance of federal funds was

*N.A. v. First Interstate Bank of Denver, N. A.*, 511 U.S. 164, 173 (1994) (A "private plaintiff may not bring a [suit based on a regulation] against a defendant for acts not prohibited by the text of [the statute or regulation]").

Plaintiff tries to overcome this obvious deficiency by arguing that Defendant is nonetheless subject to the Department of Transportation DBE certification regulations because Defendant voluntarily incorporated the regulations into its own internal policies. However, a private company's own internal regulations do not create a legal duty to third parties sufficient to establish a negligence action. *See, e.g., Disc. Tire Co. v. Bradford*, 373 So. 3d 399, 401 (Fla. 5th DCA 2023) ("Florida law is clear that a defendant's internal policies, alone, do not create or define the duty owed to a plaintiff."); *De La Torre v. Flanigan's Enterprises, Inc.*, 187 So. 3d 330, 334 (Fla. 4th DCA 2016) ("[T]here is ample case law stating that internal policies do not create a duty to third parties."). *In re Marjory Stoneman Douglas High Sch. Shooting FTCA Litig.*, 482 F. Supp. 3d 1273, 1303 (S.D. Fla. 2020) ("Plaintiffs argue that the assumption of these mandatory internal protocols created a legal duty. However, the cases Plaintiffs rely upon do not demonstrate that a private entity's internal policies and procedures create an independent duty of care under Florida negligence law."). Therefore, that Defendant incorporated federal regulatory language into its internal certification guidelines and procedures fails to establish a legal duty under Florida law. Plaintiff's alternative grounds for establishing Defendant's duty fare no better.

"Where the plaintiff seeks only the recovery of an economic loss, [as Plaintiff does here,] the duty element of negligence law serves as an important barrier to overextension of liability."

---

contingent on Defendant complying with the regulations at issue here, there is no basis to conclude that the mere acceptance of federal funds creates a legal duty. *See Jackson v. Birmingham Bd. Of Educ.*, 544 U.S. 167, 181 (2005) ("[P]rivate damages action are available only where recipients of federal funding had adequate notice that they could be liable for the conduct at issue[.]").

*Honig*, 339 F. Supp. 3d at 1340 (quoting *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339 (11th Cir. 2012)). "Therefore, 'in order to proceed on a common law negligence claim based solely on economic loss, there must be some sort of link between the parties or some other extraordinary circumstance that justifies recognition of such a claim.'" *Id.* (quoting *Tank Tech, Inc. v. Valley Tank Testing, L.L.C.*, 244 So.3d 383, 393 (Fla. 2d DCA 2018)).

Plaintiff argues it has met this burden because by paying an application fee and providing Defendant access to private documents, "[Plaintiff] reposed a high level of confidence and trust in [Defendant] that it would faithfully and lawfully apply its own S&P to [Plaintiff's] application." Plaintiff attempts to argue that by engaging in the conduct described, the parties formed a fiduciary relationship which imposed a duty on Defendant to faithfully comply with the federal regulation incorporated in Defendant's S&Ps when considering Plaintiff's DOBE application.

Indeed, under Florida law, a fiduciary duty exists "if a relation of trust and confidence exists between the parties (that is to say, where confidence is reposed by one party and trust accepted by the other, or where confidence has been acquired and abused)." *Brigham v. Brigham*, 11 So.3d 374, 387 (Fla. 3d DCA 2009). However, "to establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel and protect the weaker party." *Id.* (citing *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So.2d 1063, 1065 (Fla. 3d DCA 1993)). "[O]ne may not unilaterally impose a fiduciary responsibility on another simply by reposing trust; absent some conscious acceptance of such duties[.]" *Suzmar, LLC v. First Nat'l Bank of S. Miami*, 388 So.3d 852, 855 (Fla. 3d DCA 2023); *see also In re January 2021 Short Squeeze Trading Litigation*, 584 F. Supp. 3d 1161, 1193 (S.D. Fla. 2022) ("The mere fact that in the course of their business relationships the parties reposed trust and confidence in each other does not impose any corresponding fiduciary duty[.]").

Case No. 24-cv-21414-BLOOM/Elfenbein

Consequently, "[i]n an arms-length transaction…there is no duty to act for the benefit or protection of the other party." *Drewes v. Cetera Financial Group, Inc.*, Case No. 19-80531-CIV, 2020 WL 13566405, at *5 (S.D. Fla. July 9, 2020). Plaintiff's allegations that it paid an application fee and provided Defendant with the requisite documents to review its application is not enough to demonstrate the parties' relationship was anything other than an ordinary commercial arm's length transaction. Plaintiff does not allege Defendant made any promises to Plaintiff or indicated it was taking on any special undertaking by reviewing Plaintiff's DOBE application. As such, no fiduciary relationship existed between the parties that would impose a legal duty on the part of Defendant. Without sufficient allegations of a legal duty, Plaintiff's negligence claim must be dismissed. [9]

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion**, ECF No. [29]**, is **GRANTED.**

2. The Complaint is **DISMISSED without prejudice**.

3. The Clerk is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

---

[9] Given that Plaintiff has failed to plausibly allege Defendant owes a duty to Plaintiff, the Court need not consider Defendant's remaining arguments for dismissal at this time.

Case No. 24-cv-21414-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 13, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record